UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| NAJEE SABREE BLACKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:02-cv-1447-JDT-TAB |
| | ) | |
| CITY OF KOKOMO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY CONCERNING SELECTED MATTERS**

The court, having considered the above action and the matters that are pending before it rules as follows:

1. Regarding the Plaintiff's filing of October 6, 2005 (docket #119):

a. The request for a docket sheet is **granted**.  The Clerk shall include a copy of the CM/ECF docket sheet with the Plaintiff's copy of this Entry.

b. The request for a copy of Plaintiff's Brief in Opposition to the Defendants' Consolidated Brief in Response to Plaintiff's Motion for Partial Summary Judgment and Defendants' Cross-Motion for Summary Judgment is **granted**.  The Clerk shall include a copy of said brief (docket #116) with the Plaintiff's copy of this Entry.

c. The request for a copy of Plaintiff's Motion for Partial Summary Judgment is also **granted**.  The Clerk shall include a copy of said motion (docket #90) with the Plaintiff's copy of this Entry.

2. The Plaintiff's Motion for Telephonic Conference (docket #112) is **denied** because a conference regarding discovery and other pending motions would not serve to advance the resolution of this action at the present time.  The Plaintiff's other various requests for an informal discovery conference also are **denied** for the same reason.

3. Regarding the Plaintiff's Letter Brief, filed July 5, 2005 (docket #94):

a. The request for the court to file the attached Exhibit A, Motion for Entry of Default, is **granted**.  The Clerk shall file that motion and return a file stamped copy to the Plaintiff along with this Entry.  The motion is deemed filed as of this date.  The Defendants are **allowed until December 2, 2005**, within which to respond to the Motion for Entry of Default.

b. The request for the court to file the attached Exhibit B, Plaintiff's Verified Response to Defendants' Notice Regarding Resolution of Discovery Disputes, is

**granted**.  The Clerk shall file that Verified Response and return a file stamped copy to the Plaintiff with this Entry.  The Clerk also shall send to the Plaintiff file stamped copies of docket numbers 31, 40, 47, 49, 66, 67, 70 and 71, as requested in ¶ 3 of Plaintiff's Verified Response.

   c.  The request for the court to file the attached Exhibit C is **denied** because the documents included within Exhibit C (Plaintiff's Motion for Partial Summary Judgment, Declaration in Support of Plaintiff's Motion for Partial Summary Judgment, and Brief in Support of Plaintiff's Motion for Partial Summary Judgment) already were filed with the court as docket numbers 90, 91 and 92.  However, the Clerk shall send file stamped copies of document numbers 91 and 92 to the Plaintiff along with this Entry.  (Paragraph 1(c) of this Entry addresses document number 90.)

   4.  In a letter filed August 17, 2005 (docket #107), the Plaintiff requests a file stamped copy of Plaintiff's Motion for Enlargement of Time to File a Surreply and Cross-Motion for Summary Judgment.  His request is **granted** and the Clerk shall send a copy of Plaintiff's Motion for Enlargement of Time (docket #106) to the Plaintiff with this Entry.

   5.  The Defendants' Motion to Enlarge (docket #114) is **granted**.  The Defendants have to and including **December 2, 2005**, within which to reply to Plaintiff's Response to Defendants' Statement of Material Facts in Dispute, which document was attached to Plaintiff's Motion for Telephonic Conference, filed September 8, 2005.

   6.  Regarding the Plaintiff's Letter Brief and Request for Representation (docket #115):

   a.  The Plaintiff's renewed motion for appointment of counsel is **denied** because the Plaintiff has had a meaningful opportunity to present his claims; despite the alleged obstacles he faces, he has demonstrated an ability to present his claims to the court; he appears familiar with his claims; the issues in this case are not complex; and it does not seem that appointment of counsel would make a difference in the outcome of this case.  *See*, *e.g.*, *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

   b.  The Plaintiff alleges that he is being denied meaningful access to the courts.  To the extent he is attempting to bring an entirely new claim against persons not defendants in this action, it is noted that such allegations are not part of this case.  Furthermore, it is noted that with this Entry the Clerk will provide the Plaintiff with copies of all the documents for which he has requested copies.  Thus, all other relief requested in Plaintiff's Letter Brief is **denied**.

   7.  In a document entitled, Failure to Rule on Motions (docket #118), the Plaintiff requests a determination of whether the undersigned failed to rule on the Plaintiff's Motion for Informal Conference to Settle Discovery Disputes in accordance with T.R. 53.1 of the Indiana Rules of Court.  Such request is **denied**.  The Indiana Trial Rules are inapplicable in this federal district court.  Moreover, Magistrate Judge Tim A. Baker held telephonic status conference on May 31, 2005, at which time a discussion was had regarding discovery.  Thus, Plaintiff's Motion for Informal Conference already, in effect,

was granted long before the filing of the Failure to Rule on Motions document. Accordingly, the Motion for Informal Conference (docket #74) is now **denied as moot**.

      8. The court will rule on all other pending motions in due course. It is the court's understanding that the following motions are pending, though briefing may not be complete on all of them:

      a. Plaintiff's Motion for Partial Summary Judgment (docket # 90),

      b. Defendants' Motion to Reconsider Court's Ruling on Defendants' Motion to Quash Plaintiff's Interrogatories (docket # 93),

      c. Plaintiff's Motion for Relief from Judgment Order (docket #95),

      d. Defendants' Cross-Motion for Summary Judgment (docket #97),

      e. Plaintiff's Motion to Stay All Deadlines for the Resolution of Discovery Disputes (docket # 101),

      f. Plaintiff's Motion for Enlargement of Time to File a Surreply and Cross-Motion for Summary Judgment (docket # 106).

      If either the Plaintiff or the Defendants believes that there are other pending motions awaiting a ruling from the court, then that party has **ten (10) days** from this date within which to file a document identifying any such motion(s) by name and docket number.

      ALL OF WHICH IS ORDERED this 10th day of November 2005.

      _____
John Daniel Tinder, Judge
United States District Court

Copies to:

Donald B. Kite Sr.
Schultz & Pogue
dkite@schultzpoguelaw.com

Najee Sabree Blackman
Pro Se #110245
Westville Correctional Facility
P.O. Box 557
Westville, IN 46391

Magistrate Judge Tim A. Baker